(C.R.D. 78–16)

H. E. LAUFFER CO., INC. *v.* UNITED STATES

Court Nos. 73–9–02702–S, 74–4–00885–S and 74–9–02410–S

Port of New York

(Dated October 23, 1978)

*Murray Sklaroff* for the plaintiff.

*Barbara Allen Babcock,* Assistant Attorney General (*Glenn E. Harris,* trial attorney), for the defendant.

RICHARDSON, Judge: The importer moves for an order consolidating civil actions bearing court Nos. 73–9–02702–S, 74–4–00885–S, and 74–9–02410–S. In support of the motion the importer states that it wishes to address the question as to whether the filing of multiple protests against the same category of merchandise is involved in these three severed actions, and to that end, will file a complaint presenting this question if the court grants the motion and orders consolidation of the actions.

The Government opposes the motion, contending that the question which the importer seeks to litigate by way of a consolidated action, namely, the filing of multiple protests against the same category of merchandise, is not common to all of the entries covered by protests in these actions, pointing out that while the issue of multiple protests exists with respect to all entries and protests in 73–9–02702–S, that such is not the case with respect to 74–4–00885–S and 74–9–02410–S which have other issues as well. In the light of these circumstances, the Government argues that the importer has not shown in what respects consolidation of these actions would avoid *unnecessary expense or delay;* and further, suggests that consolidation here would tend to invite difficulties and complexities which the importer has not addressed itself to on the motion.

Although under rule 10.3(a) of the Customs Court rules the court may order consolidation of claims in two or more actions, as distinguished from consolidation of the actions themselves, the granting of such relief must, nevertheless, be premised under the rule upon a finding that *unnecessary expense or delay* would not be caused thereby. Since the moving papers do not address themselves to this aspect of the matter, the court has no basis for satisfying itself that *unnecessary expense or delay* will not result from a consolidation of a single claim or issue in these actions in the absence of pleadings defining and articulating all of the litigable issues presented therein.

Plaintiff's motion to consolidate is denied, without prejudice, however, to renewal after joinder of issue in these three severed actions.